CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RMg
FEB 24 2011
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| GLENN CALVIN LAWHORN, JR., Petitioner, | Civil Action No. 7:10-cv-00459 |
| v. | **MEMORANDUM OPINION** |
| TRACY S. RAY, Respondent. | By: Hon. Jackson L. Kiser Senior United States District Judge |

Glenn Calvin Lawhorn, Jr., a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that his state court conviction was obtained in violation of his constitutional rights. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss and dismiss the petition as time barred.

I.

On June 27, 2007, following a hearing on a motion to suppress evidence seized from him, a judge of the circuit Court of Amherst County tried and convicted petitioner of possessing a controlled substance. At the sentencing hearing held on September 5, 2007, the state court sentenced petitioner to ten years' incarceration, but it suspended the entire sentence. Petitioner did not file an appeal to the Court of Appeals of Virginia.

Petitioner executed his first state petition for a writ of habeas corpus on April 20, 2009, and filed it with the Supreme Court of Virginia. Petitioner alleged a denial of due process and argued that his conviction was obtained pursuant to an unlawful arrest, unconstitutional search and seizure, and unlawfully obtained evidence. The Virginia Supreme Court denied and dismissed the petition on June 12, 2009, after applying the rule announced in Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974). Lawhorn v. Warden of the Mecklenburg Corr. Ctr., Record

No. 090802 at *1 (Va. June 12, 2009).

Petitioner executed another state habeas petition on November 5, 2009, and filed it with the Supreme Court of Virginia. Petitioner raised the same claims in this second state habeas petition as in the earlier petition. The Supreme Court of Virginia denied and dismissed the second habeas petition on February 17, 2010, because the second petition was successive, in violation of Virginia Code § 8.01-654(8)(2), and time-barred, pursuant to Virginia Code § 8.01-654(A)(2). Lawhorn v. Warden of the Green Rock Corr. Ctr., Record No. 092265 at *1 (Va. Feb. 17, 2010).

Petitioner executed the instant, federal habeas petition on October 4, 2010. In this petition, petitioner argues that his state court conviction violated due process, was pursuant to an unlawful arrest, based on an unconstitutional search and seizure, and procured with unlawfully obtained evidence.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

of conviction becomes final.[2] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on October 5, 2007, when the time expired for petitioner to note an appeal from the circuit court to the Court of Appeals. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Therefore, petitioner had until October 4, 2008, to file his federal habeas petition. Petitioner filed his first state habeas petition in April 2009, seven months after his the federal statute of limitations expired. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule). Thus, neither of petitioner's state habeas petitions toll the federal statute of limitations, and petitioner does not allege a relevant, extraordinary circumstance. Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss the petition. Based upon my finding that the petitioner has not made the requisite substantial

---

28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 24th day of February, 2011.

/s/ Jackson L. Kiser
Senior United States District Judge